# FARRUGIA v. PHILADELPHIA & READING RAIL-WAY COMPANY.

## ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 823.  Argued March 2, 1914.—Decided April 13, 1914.

The provision in § 238, Judicial Code, providing for a direct writ of error in any case in which the jurisdiction of the court is in issue, refers to cases in which the power of the court, as a Federal court, to hear and determine the cause is in controversy.

Where that power is not in question, but only the sufficiency of the evidence to establish an element of the plaintiff's asserted cause of action, § 238, Judicial Code, does not apply and the writ of error must be dismissed.

A decision of the District Court of the United States granting a compulsory non-suit in an action brought under the Employers' Liability Act because the evidence did not show that the plaintiff was engaged in interstate commerce, is subject to review in the Circuit Court of Appeals. A direct writ of error to this court under § 238, Judicial Code, will not lie as the jurisdiction of the court as a Federal court is not in issue.

THE facts, which involve the construction and application of the Employers' Liability Act, and the jurisdiction of this court of a direct appeal from the District Court under the Judicial Code, are stated in the opinion.

*Mr. George Demming* for plaintiff in error.

*Mr. William Clarke Mason,* with whom *Mr. Charles Heebner* was on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action against a railway company to recover for personal injuries. The right of action was predicated upon the Federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, as amended April 5, 1910, c. 143, 36 Stat. 291, and it was alleged that the injuries were sustained while the defendant was engaged, and while the plaintiff was employed by it, in interstate commerce. There was a plea of not guilty, and a trial resulted in a judgment of compulsory non-suit. The case is here upon a direct writ of error based upon a certificate that the court's decision was given upon a jurisdictional ground, namely, that "the evidence produced at the said trial of the case did not disclose that plaintiff, at the time of the happening of the accident by which he received the injuries complained of, was engaged in interstate commerce."

Although counsel have presented the case as if it were properly here, it is manifest that it is not. The clause in § 238 of the Judicial Code providing for a direct writ of error "in any case in which the jurisdiction of the court is in issue" refers, as we have repeatedly held, to cases in which the power of the court, as a Federal court, to hear and determine the cause is in controversy. *Fore River Shipbuilding Co.* v. *Hagg,* 219 U. S. 175, 178; *United States* v. *Congress Construction Co.,* 222 U. S. 199; *Darnell* v. *Illinois Central Railroad Co.,* 225 U. S. 243. No such issue is here disclosed. The power of the court, as a Federal court, to hear and determine the case was not questioned. Nor did the court hold that it was without jurisdiction

in that sense. On the contrary, it proceeded to a hearing and decided that the plaintiff could not recover under the Federal act, because one element of his asserted cause of action was without any evidence to sustain it. Had the action been brought in a state court, as it could have been, the same question would have arisen, and had the evidence been similarly insufficient a like decision must have ensued. We say the action could have been brought in a state court, because § 6 of the Federal act declares: "The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several States, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States." And we say the result must have been the same in a state court upon similar evidence, because the right of recovery given by the act (§ 1) is restricted to injuries suffered while the employé is employed in interstate commerce.

It follows that there was no basis for the direct writ of error. If a review of the decision was desired it should have been sought in the Circuit Court of Appeals.

*Writ of error dismissed.*