## MALE, TRUSTEE FOR CHAPIN, *v.* ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 220. Argued January 24, 1916.—Decided February 21, 1916.

Whether a subsequent decision between the same parties upon the same cause of action makes the questions involved in the earlier decision moot involves the defense of the thing adjudged going to the merits, and cannot be considered on a direct appeal under § 238, Jud. Code, on which this court can only consider the question of the jurisdiction of the court below.

So far as controversies in a case brought in the Federal court depend alone upon the right to sue because of the district in which the parties reside, they are personal and susceptible of being waived, and are not intrinsically and necessarily Federal; but if they involve Federal privileges not waived, they are Federal questions susceptible of being brought to this court by direct appeal under § 238, Jud. Code.

The asserted right to a judgment on bonds of a corporation created by act of Congress involves an inherently Federal question.

A corporation is entitled to be sued in the district of its residence; and, without the consent of such corporation, the District Court of the United States for another district has no jurisdiction of an action involving an inherently Federal question.

THE facts, which involve the jurisdiction of this court under § 238, Jud. Code, and of the District Court under § 51, Jud. Code, are stated in the opinion.

*Mr. William G. Cooke* for appellant:

The provisions of § 37, Jud. Code, have no application to a case where there was Federal jurisdiction before the assignment.

Even where diversity of citizenship is created by an assignment, the mere fact that the purpose was to make the case one of Federal cognizance, is no evidence of such

impropriety or collusion as will justify a dismissal of the complaint. *Crawford* v. *Neal,* 144 U. S. 585; *South Dakota* v. *North Carolina,* 192 U. S. 286; *O'Neil* v. *Walcott Co.,* 174 Fed. Rep. 527. See also *Water Co.* v. *Portage,* 102 Fed. Rep. 771; *Bolles* v. *Lehigh Valley R. R.,* 127 Fed. Rep. 884; *Stimson* v. *United Machine Co.,* 156 Fed. Rep. 298; *Consolidated Rubber Co.* v. *Ferguson,* 183 Fed. Rep. 756.

Plaintiff, as trustee, is the legal holder and owner of the bonds, so that it is his citizenship and not that of the beneficiary, which determines the State in which suit must be brought. *Cochrane* v. *Schell,* 140 N. Y. 534; *Gott* v. *Cook,* 7 Paige, 521; *Gilman* v. *McArdle,* 99 N. Y. 451.

The indenture reserves no power of revocation in the grantor; but even if it had, that circumstance would not have invalidated the trust or affected the trustee's title or right of possession. *Locke* v. *Farmers' L. & T. Co.,* 140 N. Y. 135; *Von Hesse* v. *MacKaye,* 136 N. Y. 115.

The right of a trustee of an express trust to sue in his own name, in the State of New York, is fixed by statute. Code Civ. Pro., § 449.

A trustee may sue in the Federal court of the State of which he is a citizen, without reference to the place of the beneficiary's citizenship. *Dodge* v. *Tulleys,* 144 U. S. 451; *Johnson* v. *St. Louis,* 172 Fed. Rep. 31; *New Orleans* v. *Gaines,* 138 U. S. 606.

*Mr. Walker D. Hines* for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

On this direct appeal a reversal is sought of a decree below which dismissed the bill for want of jurisdiction. There is a motion to dismiss on the ground that "the questions involved upon this appeal are moot ques-

tions . . . for the reason that subsequent to the
dismissal of the bill herein by the lower court the appellant
as plaintiff instituted in the Supreme Court of the State
of New York, County of New York, an action upon the
same alleged cause of action against the same defendants
and that such action in the Supreme Court of the State
of New York was heard and determined and that a final
judgment upon the merits therein was rendered dis-
missing the complaint filed in said action as against this
appellee." But as our power to review is limited to the
question of jurisdiction alone and as the ground of the
motion obviously involves the defense of "the thing ad-
judged," going to the merits, the motion to dismiss is
overruled and we come to consider the question of the
jurisdiction of the court below, that is, whether as a Fed-
eral court it had power to entertain the cause. *Louisville
Trust Co.* v. *Knott,* 191 U. S. 225, 233; *Fore River Ship-
building Co.* v. *Hagg,* 219 U. S. 175; *Farrugia* v. *Phila. &
Read. Ry.,* 233 U. S. 352.

The bill alleged that the complainant, Male, who sued
as the trustee of Gilbert W. Chapin, was a citizen of the
State of New York and an inhabitant and resident of the
Southern District thereof. The defendants were the
Atlantic & Pacific Railroad Company, a corporation
created by an act of Congress, the Atchison, Topeka & 
Santa Fe Railroad Company, a corporation organized
under an act of the legislature of the territory of Kansas,
the Atchison, Topeka & Santa Fe Railway Company, a
corporation organized under the laws of the State of
Kansas, and the Boston Safe Deposit & Trust Company,
a corporation organized under the laws of the State of
Massachusetts. We do not stop to summarize the aver-
ments of the bill in order to make clear the nature of the
relief sought because we accept as adequate for the pur-
pose of the question before us the statement made on
that subject in the printed argument filed on behalf of

the appellant as follows: "The relief prayed for is judgment for $120,000 and interest upon certain income bonds issued by the Atlantic & Pacific Railroad Company on the 1st day of October, 1880, and maturing October 1st, 1910, and for an adjudication that The Atchison, Topeka & Santa Fe Railway Company (the present appellee) is liable in equity for the amount of such judgment by reason of the matters set forth in the bill of complaint." As further stated in the argument for the appellant, the bill alleged that the Atlantic & Pacific Railroad Company "is practically out of existence and has not been nor can it be served with process" and that the Atchison, Topeka & Santa Fe Railroad Company and the Boston Safe Deposit & Trust Company were not served with process and are not deemed to be necessary parties to the cause and may be put out of view. The Atchison, Topeka & Santa Fe Railway Company, the only other defendant (the appellee) was served through one of its officers in the City of New York. It thereupon appeared specially and "for the single and sole purpose of making a motion to set aside the service of the subpœna and dismiss the bill of complaint as to it for want of jurisdiction over the person of said defendant." And subsequently it moved to dismiss on two grounds: 1. That as its residence was in Kansas, it could not be sued outside of the district of which it was a resident without its consent, and that as Male, the complainant, was only colorably joined as a complainant, the real party being Chapin for whom Male assumed to act as trustee and who was a citizen and resident of Connecticut, there was no jurisdiction over the cause as the suit was brought in the district of the residence of neither of the real parties; and, 2, that as the complainant sought to enforce a liability on the bonds of the Atlantic & Pacific Railroad Company, a corporation created by an act of Congress, involving an inherently Federal question, there was no jurisdiction in the court over the

defendant because under such circumstances it was entitled to be sued in the court of the district of its residence and could not without its consent be impleaded in the district of the residence of the plaintiff even if Male was treated as the real plaintiff and entitled otherwise to sue in the Southern District of New York. As stated in the certificate of the court below, the judgment of dismissal for want of jurisdiction was based upon both of the grounds, that is, the want of authority to sue in the Southern District of New York because that was the district of the residence of neither of the parties and because owing to the Federal question the defendant was entitled to be sued in the district of its residence.

It is not disputable that in so far as the contentions as to jurisdiction depended alone upon the right to sue because of the district in which the parties resided, they did not present questions of inherent Federal jurisdiction. We say this because controversies as to such subjects concern a personal privilege susceptible of being waived, which would not be the case if they involved contentions which were intrinsically and necessarily Federal. *St. Louis &c. Ry.* v. *McBride,* 141 U. S. 127; *Ex parte Wisner,* 203 U. S. 449; *In re Moore,* 209 U. S. 490; *Western Loan Co.* v. *Butte & Boston Mining Co.,* 210 U. S. 368. But while this is the case it is yet also true that questions of jurisdiction depending upon controversies as to the district of residence where the statutory rights in that regard have not been waived, when decided below, are questions of Federal jurisdiction susceptible of being brought here by direct appeal under the provisions of § 238 of the Judicial Code. *Davidson Marble Co.* v. *Gibson,* 213 U. S. 10; *United States* v. *Congress Construction Co.,* 222 U. S. 199.

Our power to review thus being settled, the only question is, Did the court err in holding that as a Federal court within the meaning of the statute it had no authority under the circumstances to entertain the cause? In

solving this issue, without expressing any opinion as to
the want of jurisdiction based upon the contention that
Male the complainant had no real but only a colorable
and fictitious interest and hence that the suit was brought
neither in the district of the residence of the complainant
nor that of the defendant, and confining our attention to
the ruling that there was a want of power to entertain
the cause in any other than the district of the residence
of the defendant, because of the inherently Federal
question presented, we think that the refusal to take juris-
diction was clearly right and should be affirmed. Undoubt-
edly the asserted right to a judgment on the bonds of the
Atlantic & Pacific Railroad Company, a corporation cre-
ated by an act of Congress, involved an inherently Federal
question. *Osborn* v. *United States Bank*, 9 Wheat. 738;
*Wash. & Idaho R. R.* v. *Coeur d'Alene Ry.*, 160 U. S. 77;
*Matter of Dunn*, 212 U. S. 374; *Tex. & Pac. Ry.* v. *Hill*,
237 U. S. 208. This being true, it is also indisputable
that the defendant was entitled to be sued in the district
of its residence and was not without its consent liable to
be sued within the district of the residence of the complain-
ant. *Macon Grocery Co.* v. *Atlantic Coast Line*, 215 U. S.
501; Judicial Code, § 51.

As it follows that no error was committed by the court
below in holding that it was without power to exercise
jurisdiction of the cause, its decree must be and it is

*Affirmed.*