### SAWICKAS v. SINGER MFG. CO.

(District Court, E. D. New York. April 24, 1917.)

1. COURTS ⬤345—UNITED STATES COURTS—JURISDICTION—WAIVER OF OBJECTIONS.

A waiver by general appearance in a federal court merely covers the right to object to the district in which a case of which United States Courts generally have jurisdiction should be heard.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917.]

2. REMOVAL OF CAUSES ⬤112—JURISDICTION—WAIVER OF OBJECTIONS.

Where, in an action by a resident of New York against a New Jersey corporation in a New York court, plaintiff alleged nothing as to his citizenship, but defendant, on an allegation that plaintiff was a citizen of New York, removed the case to the federal court, it could not, on discovering that he was an alien, claim surprise, and object to a trial of the case in that district.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 238.]

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. PLEADING ☞111—PLEA TO JURISDICTION—RIGHT TO ANSWER ON MERITS.

In an action in a New York court against a New Jersey corporation, plaintiff alleged nothing as to his citizenship, but defendant, on an allegation that plaintiff was a citizen of New York, removed the case to the federal court. On learning that plaintiff was an alien, defendant by permission withdrew its general appearance and pleaded specially that the action could not be maintained in the federal court for that district. *Held* that, while judgment upon the plea should go for plaintiff, defendant should not be penalized for raising the question of jurisdiction, but should be allowed to reinstate its answer and have a trial on the merits, as plaintiff in effect concealed the information that he was an alien.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236.]

At Law. Action by John Sawickas against the Singer Manufacturing Company. On plea to the jurisdiction of the court. Judgment for plaintiff, with leave to defendant to reinstate its answer on the merits.

Baltrus S. Yankaus, of New York City, for plaintiff.
Ver Planck, Prince & Flanders, of New York City, for defendant.

CHATFIELD, District Judge. The plaintiff sued in the Supreme Court of Richmond county, alleging that the defendant was a corporation resident in the state of New Jersey, but stating nothing as to the citizenship or residence of the plaintiff. The defendant appeared and answered generally, and upon an affidavit supplied by itself, alleging that the plaintiff was a citizen and resident of New York, obtained removal into this court. Upon the trial it developed that the plaintiff was an alien. The defendant then moved to withdraw its general appearance and answer, and to plead specially that the action could not be maintained in this district and court.

Upon consideration of this motion, under authority of Lehigh Valley Coal Co. v. Washko, 231 Fed. 42, 145 C. C. A. 230, and Lehigh Valley Coal Co. v. Yensavage, 218 Fed. 547, 134 C. C. A. 275, the court granted the application. The plea was entered and called for hearing before a jury. The plaintiff offered evidence tending to show that, at the time the case was removed, the defendant, through its agents and servants, had knowledge that the plaintiff was an alien and had not resided in the United States the requisite five years, so that he could have become a citizen, if he had so desired. Before the plea could be submitted upon this testimony, the plaintiff withdrew the testimony from the record and asked to have the case disposed of upon the jurisdictional question presented by the record alone. The defendant concurred in this application, and the plea was therefore disposed of upon the joint motion to direct a verdict.

As the minutes will show, some portions of three or four days had been already occupied in consideration of this case, and the question of jurisdiction required an examination of the record and consideration of authorities, for which an adjournment was requested. The court therefore directed a verdict upon the plea for the defendant, in order to release the jury, and immediately entertained a motion by the plain-

tiff to set aside the verdict and to give judgment for the plaintiff upon the plea; both sides waiving the drawing of another jury. This motion has now been submitted upon the briefs and considered upon the entire record.

The case is not complicated by an allegation in the pleadings on the part of the plaintiff that he was either a resident or citizen of the state of New York, and the only information as to the plaintiff's status was based upon the defendant's affidavit that the plaintiff was a "citizen of New York," because he was residing in Staten Island.

The record on removal shows that he had gone to work for the defendant only a short time before that, and the obligation rested upon the defendant, before removing the case, to consider the effect of such removal. If the defendant had appeared specially, or had relied upon the plaintiff's statements, then surprise might have been occasioned by a sudden change on the plaintiff's part in claiming to be an alien. But a suit by a resident of another state, or a suit by an alien, could be maintained in this court, if the defendant appeared generally and removed the case into this court, with knowledge of those facts. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Western Loan Co. v. Butte & Boston Min. Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Male v. Atchison, etc., Ry., 240 U. S. 97, 36 Sup. Ct. 351, 60 L. Ed. 544.

[1] A waiver by general appearance merely covers the right to object to the district in which the case should be heard, as the United States courts generally, under the Constitution and statutes, have jurisdiction of such cases. Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. 300, and the cases cited supra.

[2] The defendant did not even seek to save its right to contest the plaintiff's failure to allege citizenship or residence. It saw fit to supply the lack, and to draw its own conclusion as to the citizenship of the plaintiff from his place of residence. If the defendant had drawn the other conclusion, viz., that a person who had been in the country for a short time only, who had been born abroad, and who resided in New York rather than in New Jersey, was presumptively an alien resident of the state of New York, and if upon that allegation the defendant had asked the removal of the case, it would certainly have constituted a waiver to object to being sued in this district, when the defendant interposed a general appearance and answer.

It must be held, therefore, that the defendant was not in a position to claim surprise, and was not in a position to object to the trial of the case upon the merits, in this district and in this court, after it had expressly sought to get the case into this court for trial, and out of a court in which the case might have been heard, if no election or application for removal was made by the defendant.

[3] The verdict, therefore, should be set aside, and a new trial or hearing had of this issue. Inasmuch as both parties waived the question of drawing another jury, and as the question is purely one of law, judgment upon the plea should go for the plaintiff, with costs to await the event of the action upon the merits. However, the plaintiff did not

present a proper complaint, and in effect concealed the information that he was an alien, and the defendant should not be penalized for raising the question of jurisdiction, but should be allowed to reinstate his answer and have the case tried upon the merits.

For this purpose, upon the entry of judgment upon the plea, the defendant's answer may be reinstated, and the case put upon the trial calendar for call.