## MALCOLM v. MacDONALD et al.
### Civil Action No. 143.

District Court, D. Delaware.
March 4, 1941.

Max Terry, of Dover, Del., and Harold F. Levin (of Delson, Levin & Gordon), of New York City, for plaintiff.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., and Welles, Kelsey, Cobourn & Harrington, of Toledo, Ohio, for Toledo Edison Co., defendant.

NIELDS, District Judge.

The original complaint was filed by plaintiff as a stockholder of defendant Toledo

Edison Company against Toledo Edison Company, Cities Service Company, Cities Service Power & Light Company and against forty-three individual defendants.

The complaint alleges that plaintiff is a citizen and resident of Connecticut; that Toledo Edison Company is a corporation of Ohio; that Cities Service Power & Light Company and Cities Service Company are corporations of Delaware; and that all the individual defendants are citizens and residents of states or countries other than Delaware.

Toledo Edison Company appeared specially and moved to vacate the service of summons upon it and to dismiss the complaint for the reasons, inter alia, (1) that the court is without jurisdiction over it as it appears from the complaint that the District of Delaware is not the district of the residence of either the plaintiff or the Toledo Edison Company; and (2) that the court is without jurisdiction over the individual defendants as it appears from the complaint that the District of Delaware is not the district of the residence of either the plaintiff or the individual defendants, and consequently the court is without jurisdiction over the defendant Toledo Edison Company.

The individual defendants who were served with process in this jurisdiction appeared specially and moved to dismiss the complaint as to them on the ground that neither they nor the plaintiff were residents of the State of Delaware. Thereupon, plaintiff moved the Court (1) to dismiss the action without prejudice as to all the individual defendants on the ground that they could not be made parties to this action without depriving the Court of jurisdiction over the other defendants; and (2) for leave to file a proposed amended complaint omitting as parties the individual defendants and making appropriate changes in the allegations of the complaint. The Court took no action upon this motion.

Thereafter plaintiff filed a second amended complaint. This complaint, however, is different from the original complaint. The parties are different, the allegations as to certain of the acts complained of are different and the allegations as to the persons who profited by wrongful acts are different.

This matter is controlled by U.S.C.A., Section 112, Title 28, which provides: "* * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found." As amended Apr. 16, 1936, c. 230, 49 Stat. 1213.

Under the general rule as to venue based on diversity of citizenship found in Section 112, plaintiff cannot maintain this suit in this district because, being a citizen of Connecticut, she has no right to sue a citizen of Ohio in the District Court of Delaware. Her right to bring this suit in the District of Delaware is dependent upon the exception to the general rule found in Section 112. To come under that exception she must show that Toledo Edison Company could have brought this suit against the defendants, other than itself, in the District of Delaware.

The District of Delaware is neither the district of the residence of the plaintiff nor of Toledo Edison Company. The venue of this suit is wrong as to Toledo Edison Company unless the suit as originally brought could have been brought by Toledo Edison Company as plaintiff against "the defendant or defendants" originally sued. Toledo Edison Company could not have brought this suit in this district against the original defendants, as this district is not the residence of that company nor the residence of the original defendants, except the two Cities Service companies. The fact that Toledo Edison Company might have brought a different suit against the two Cities Service companies does not affect the fact that it could not have brought this suit against the persons named as the defendants when this suit was filed and service was made.

■ It is settled law that Toledo Edison Company, having been sued in the wrong district, can not, over its objection, be held to answer in that district by reason of any subsequent amendment or shift of position by plaintiff. Under Section 111 a plaintiff may dismiss as to some defendants

and proceed against others only if the others are "properly" before the court. In this suit no one of the defendants is properly before the court, because the Toledo Edison Company could not have brought this suit in this district against the defendants other than itself.

The motion to vacate the service of summons upon Toledo Edison Company and to dismiss the complaint as to it must be granted.