## GRANT v. TENNESSEE VALLEY AUTHORITY, and nine other cases.

### Nos. 275–284.

District Court, E. D. Tennessee, S. D.

Sept. 10, 1941.

T. Pope Shepherd and Jere Tipton, both of Chattanooga, Tenn., for plaintiffs.

William C. Fitts, Jr., Gen. Counsel, TVA, Charles J. McCarthy, Asst. Gen. Counsel, TVA, and Robert H. Marquis, TVA, all of Knoxville, Tenn., for defendant.

DARR, District Judge.

By motion to remand the question of the removability of these causes is presented.

Each suit seeks to recover damages for the destruction of crops by flood water. The declarations contain two counts. The first count charges that the flooding was the result of the negligence of the defendant's employes in the handling of the waters of the Tennessee River. The second count is based on the allegation that damages had resulted from change in the natural flow of the river.

---

[6] Letter of attorneys who represented the defendants at the time, it is dated December 10, 1925.

590

The right to remove causes to the federal court depends upon whether suits could have been brought originally in the district court of the United States. In re Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558.

The sole question to be determined is whether these cases "arise under a law regulating commerce". 28 U.S.C.A. § 41 (8).

The Tennessee Valley Authority is a corporation created by Act of Congress. 16 U.S.C.A. §§ 831–831dd.

Under the Tennessee Valley Authority Act the corporation "may sue and be sued in its corporate name". 16 U.S.C.A. 831c (b).

The Tennessee Valley Authority Act is a law regulating commerce. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688.

This leaves the question as to whether the suits "arise under" the Tennessee Valley Authority Act.

After a full review of the authorities and upon principle, it is the judgment of this court that suits against corporations created by Acts of Congress arise under laws of the United States and are removable to federal courts. If the law of the United States is one regulating commerce, then the cause is removable to a federal court as arising under a law regulating commerce. Osborne v. Bank of United States, 9 Wheat. 738, 817, 828, 6 L.Ed. 204; Pacific Railroad Removal Cases (Union Pac. R. Co. v. Myers), 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319; In re Dunn, supra; Male v. Atchison, etc., Ry. Co., 240 U.S. 97, 102, 36 S.Ct. 351, 353, 60 L.Ed. 544, 546; Davis v. Slocomb, 263 U.S. 158, 160, 44 S. Ct. 59, 60, 68 L.Ed. 226, 228; American Bank & Trust Company v. Federal Reserve Bank, 256 U.S. 350, 356, 41 S.Ct. 499, 65 L.Ed. 983, 989.

It is to be noted that some of these cases were based upon negligence.

It is the judgment of the court that the above proposition is particularly true in view of the fact that the wrongs charged concern the regulation of the water in the Tennessee River, one of the very important charter rights conferred by the Act. 16 U.S.C.A. 831h—1.

It results that the court is of the opinion that these cases are properly triable in this tribunal and the motion to remand is declined.

Order accordingly.