## WILSON v. KANSAS CITY SOUTH-ERN RY. CO. et al.

### No. 7048.

United States District Court
W. D. Missouri, W. D.

Nov. 1, 1951.

against the defendants jointly, for personal injuries alleged to have been sustained by her while a passenger on a train operated in the State of Arkansas, "under the control and management of defendant Kansas City Southern Railway Company." The act of negligence charged in the original and subsequent complaints filed therein is stated as follows: "Defendant John Doe, a Porter, acting within the scope of his authority as an agent of (the corporate) defendants, was (negligent in causing a) door (of the coach in which plaintiff was riding as a passenger) to catch plaintiff's right foot, with so much force and violence, that a bone in said foot was fractured, and plaintiff was permanently injured."

Process issuing out of the above State Court was served on defendant Atchison, Topeka and Santa Fe Railway Company (hereafter called Santa Fe), in the State of California. Jurisdiction of that Court over the person of the defendants The Kansas City Southern Railway Company (hereafter called K.C.S.), and of that of the defendants The Louisiana-Arkansas Railway Company, and Louisiana-Arkansas and Texas Railway Company (hereafter called L. & A.) was attempted to be obtained by "Order of Publication of Summons" made on October 10, 1947, by the State Court, premised upon an "Affidavit for Publication" containing among other things, the following recital: "That said above named corporations (K.C.S. and L. & A.) maintain no office or place of transaction of business, or any office within the State, (California), capable or authorized to receive process on behalf of either of said corporations. That said defendants' Post Office address is 114 West 11th Street, Kansas City, Missouri."

Thereafter, by timely and proper removal proceedings, this action was removed to the District Court of the United States for the Northern District of California, Southern Division. On December 29, 1947, the defendants K.C.S. and L. &. A. filed in that District Court "notice of motion of special appearance to quash service of summons and vacate order of publication." Said motion was sustained on July 28, 1948, and service of process herein attempted to

John C. Henderson, Oakland, Cal., Almer T. Adair, Kansas City, Mo., for plaintiff.

Richard S. Righter, Winston H. Woodson and James F. Walsh, all of Kansas City, Mo., for defendants Kansas City Southern Ry. Co., and Louisiana & Arkansas Ry. Co.

RIDGE, District Judge.

In this action, originally filed October 6, 1947, in the Superior Court of the State of California, in and for the County of Contra Costa, plaintiff claimed damages

be had on said defendants was "quashed and vacated."

December 30, 1947, defendant Santa Fe filed in the above District Court "notice of motion to quash, vacate and set aside service of summons" as to it. Said motion was subsequently overruled. Thereafter, defendant Santa Fe filed motion for summary judgment, premised on the fact that on the face of the original and first amended complaint plaintiff revealed that she had no right of action against the Santa Fe, by reason of the occurrence therein alleged. While the last mentioned motion was pending, plaintiff, on May 22, 1951, filed what she terms "notice of motion for removal of cause to proper jurisdiction," under Section 1404, Title 28 U.S.C.A., praying transfer of the venue of this cause from the District Court of the United States, Northern District of California, Southern Division, to the United States District Court for the Western Division of the Western District of Missouri. In an affidavit made in support thereof, plaintiff conceded that she probably had no valid cause of action against the Santa Fe, by reason of the occurrence alleged in the complaint herein; but further stated that she believed her claim was "a meritorious action against" the K.C.S. and L. & A., but "(t)hat plaintiff could not at this time file a new action (against said defendants) in the proper jurisdiction because of the running of the statute of limitations, and would suffer irreparable loss and injustice if not allowed to have this cause transferred to the District Court of the United States for the Western Division of the Western District of Missouri." In said affidavit, plaintiff further stated that the last mentioned Court "is the proper court to try the above entitled cause," although she alleges "that all of the plaintiff's witnesses reside in the states of Arkansas and Texas, (that) it would be for the convenience of said witnesses to have said cause transferred to" this jurisdiction.

On July 17, 1951, on stipulation entered into between plaintiff and Santa Fe, the latter's "motion for summary judgment" was sustained and judgment entered accordingly in favor of Santa Fe and against plaintiff, on the cause of action alleged in the then pending complaint. On the same date, the District Court of the United States, Northern District of California, Southern Division, entered the following "order for change of venue": "Good Cause Showing from affidavit and motion of counsel for plaintiff, it is hereby ordered that the venue of this cause as applied to all of the defendants herein, except the Atchison, Topeka and Santa Fe Railway, a corporation, be transferred from this court to the District Court of the United States for the Western District of Missouri, Western Division under the provisions of section 1404, 28 U.S.C.A., and the clerk of this court shall forthwith forward all the files in said proceedings, together with a copy of this order."

After transcript of previous proceedings had in this cause was lodged in this Court, plaintiff, on August 23, 1951, without order of this Court, filed a second amended complaint. On ex parte application, made to the Clerk of this Court, plaintiff had summons issued thereon; and service was had on defendants K.C.S. and L. & A., by the Marshal of this District, on August 23, 1951. Said defendants have now filed motion to dismiss, premised on the following grounds: (1) This Court lacks jurisdiction of this action; (2) The alleged cause of action is barred by the statute of limitation; (3) Plaintiff's petition for change of venue is insufficient; (4) Plaintiff was not entitled under the law to move to transfer the venue of this cause to this Court under Section 1404, supra. Said defendants have also filed motion to quash service of process had upon them by the Marshal of this District, as above stated, on the ground (1) that the "transfer of this cause from the Northern District Court of California to this District was illegal and invalid, and an abuse of the Court's discretion"; (2) "This Court cannot acquire jurisdiction of the person, because the transferring Court did not have jurisdiction of the person and the transfer was illegal and void"; (3) "No venue where suit was instituted."

From the above state of facts, it appears that when the instant action was commenced in the State Court of California,

and thereafter removed to the Federal Court, located in that State, neither the State Court nor the Federal Court had any jurisdiction over the person of the defendants K.C.S. and L. & A. herein. In light of the ruling made by the District Court in California, quashing and vacating service of process in California had on said defendants; and the acknowledgment made by plaintiff in her motion to transfer, that said defendants "maintain no office or place of transaction of business, or any office within the State (California) capable or authorized to receive process on behalf of either of said corporations" we shall assume, as a fact, that neither defendant K.C.S. nor L. & A. was amenable to personal process, and therefore not subject to suit in any court, state or federal, located in the State of California, on the claim here asserted by plaintiff against said defendants. It is further apparent, from the foregoing, that prior to entry of the order by the District Court in California, transferring venue of this cause from that Court to this Court, plaintiff conceded that she never did have a valid claim or cause of action against the Santa Fe, the only defendant originally named, that the instant record reveals was amenable to suit in the State of California, on the cause of action stated in all the complaints filed herein. Thus, the issue that is now presented is whether the instant action was "properly brought" against defendants K.C.S. and L. & A., in the State Courts of California, removed to the Federal Courts, and later transferred to this Court pursuant to the intent and purpose of Section 1404(a), supra, so that defendants may now be served with process out of this Court, and required to defend the instant claim made against them.

■ Subsection (a) of Section 1404 of the Judicial Code, Title 28 U.S.C.A. § 1404(a), provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Judicial Code, as revised, "render(s) applicable the doctrine of *forum non conveniens*" and "deals with the right to transfer an action properly brought." Ex

parte Collett, 337 U.S. 55, 56, 60, 69 S.Ct. 944, 945, 93 L.Ed. 1207. "In all cases in which the doctrine of *forum non conveniens* comes into play (or a transfer is effected under Section 1404(a), supra), it presupposes at least two forums in which the defendant is amenable to process; the doctrine (and aforesaid statute) furnishes criteria for choice between them." Gulf Oil Corp. v. Gilbert, 330 U.S. 501–506–507, 67 S.Ct. 839, 842, 91 L.Ed. 1055. "Indeed the doctrine of *forum non conveniens* (or a transfer under 1404(a), supra) can never apply if there is absence of jurisdiction or mistake of venue." 330 U.S. at page 504, 67 S.Ct. at page 841. See also, Tivoli Realty Co. v. Interstate Circuit, 5 Cir., 167 F.2d 155; Tivoli Realty v. Paramount Pictures, D.C., 89 F.Supp. 278; Lucas v. New York Cent. R. Co., D.C., 88 F.Supp. 536.

■ From the above stated facts, it is apparent that when the instant action was commenced in the State Courts of California against defendants K.C.S. and L. & A., it was not properly brought therein against said defendants, because neither of said defendants was amenable to process in the Courts of that State. No citation of authorities is necessary to sustain the proposition that an action such as the one at bar, to obtain a personal judgment against a defendant, is not properly brought in a state where the defendant is not amenable to personal process, or the defendant does not voluntarily enter an appearance in the action. See National Exchange Bank v. Wiley, 195 U.S. 257, 25 S.Ct. 70, 49 L.Ed. 184; Malcolm v. MacDonald, D.C., 37 F.Supp. 580. When removal of the instant action was effected to the Federal Court in California, that Court merely succeeded to such jurisdiction over the person of the defendants K.C.S. and L. & A., as the State Court had. General Inv. Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244. It is essential to a valid removal that the State Court from which the case is transferred have jurisdiction over the parties, Hassler, Inc., v. Shaw, 271 U.S. 195, 46 S.Ct. 479, 70 L.Ed. 900, or that service of process under certain circumstances be perfected

in the Federal Court after removal. Section 1448 of the Removal Chapter of the Code, Title 28 U.S.C.A. § 1448, provides: "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." In a removal action, where service of process had in the State Court has been held defective, further process and service can only be completed under the above statute, so as to give the removal court jurisdiction of the parties, as is provided in Rule 4(d), Federal Rules of Civil Procedure, 28 U.S.C.A. The territorial limits of effective service of process, other than a subpoena, is prescribed by Rule 4(f) as "within the territorial limits of the state in which the district court is held". When after removal it appears that service of process may not be perfected so as to complete the jurisdiction of the removal court, the only recourse of the removal court is to dismiss the action. Seaboard Rice Milling Co. v. C. R. I. & P. Ry. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633; Macon Grocery Co. v. Atlantic Coast Line R. Co., 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300; Male, Trustee etc. v. Atchison, T. & S. F. Ry. Co., 240 U.S. 97, 36 S.Ct. 351, 60 L.Ed. 544.

The transcript forwarded to this Court in attempted transfer of this cause under Section 1404(a), supra, reveals that at the time the "order of transfer" was entered by the United States District Court for the Northern District of California, said order was sought to be made effective only as to defendants named herein over which that Court did not have personal jurisdiction, and as to which the venue of this cause was then improperly laid. Prior to entry of such order, final judgment had been entered herein in favor of Santa Fe and against plaintiff, on motion for summary judgment. "It is obvious that jurisdiction, in the sense of personal service within a district where suit has been brought, does not dispense with the necessity of proper venue. It is equally obvious that proper venue does not eliminate the requisite of personal jurisdiction over the defendant." Robertson v. Railroad Labor Board, 268 U.S. 619, 623, 45 S.Ct. 621, 623, 69 L.Ed. 1119. As a consequence, it appears that at the time plaintiff sought to effect the transfer of this cause to this Court, and at the time the "order of transfer" was made, there were not two forums then open to plaintiff in which she might maintain the instant action against defendants K.C.S. and L. & A. In light of the authorities, supra, the instant action is shown to be one in which the doctrine of *forum non conveniens,* or the remedial provisions of Section 1404(a) was not available to plaintiff and could not be applied by the District Court in California.

In whatever way Section 1404(a), supra, may be otherwise construed, it is clear that the discretionary power vested in District Courts thereunder may be exercised only in an action which is properly brought in the transferor court. Otherwise, a transfer attempted to be effected thereunder could not in the very essence of the venue provisions of the code, of which said section is a part, confer jurisdiction in the transferee court so that it might proceed with the action on its merits. Section 1404(a) presumes that when transfer is sought thereunder the transferor court has jurisdiction of the action, but that it might refuse to entertain such jurisdiction in order to avoid unfairness, vexation or oppression in the trial thereof, in a forum that is not convenient to the parties and witnesses and in the interest of justice. Said section does not authorize a transfer to be made thereunder on consideration of any other factors. De Sairigne v. Gould, D.C., 83 F.Supp. 270; Naughton v. Pennsylvania R. Co., D.C., 85 F.Supp. 763.

It is a well settled axiom of federal jurisprudence that the District Courts of the United States being courts of limited jurisdiction, must *suo sponte,* if not otherwise challenged, examine into the question of their jurisdiction over a given cause before proceeding with the merits thereof. In consequence of that rule, we believe that when it appears in an action transferred un-

der Section 1404(a) that the transferor court did not have power to enter an "order of transfer" thereunder, the transferee court may inquire into and determine that matter, without doing violence to the proposition that courts of equal and co-ordinate jurisdiction should not sit in review of the orders of the other. In a transfer action under Section 1404(a), such a situation seems to be necessary, for if the transferor court has no power to transfer a given action thereunder, then the transferee court acquires no jurisdiction over such action and is not vested with power to even effectively dismiss the same.

From what is above said, we do not believe that this Court has jurisdiction over the instant transferred action. Consequently, plaintiff could not ex parte file an amended complaint in this Court, have process issued thereon and served on defendants K.C.S. and L. & A., so as to now give this Court jurisdiction over the person of defendants. Therefore, defendants' motion to quash service of process had upon them by the Marshal of this District is sustained and the same is hereby vacated. This action should be, and the same is hereby, remanded to the United States District Court for the Northern District of California, Southern Division, from whence transfer thereof was attempted to be made.