## BROWN et al. v. HOUSE.

District Court, D. Idaho, S. D.   March 3, 1927.

### No. 1217.

1. **Partnership ⬤⟲173—Payee of partnership note may sue partner for one-half of amount, waiving recovery against him of balance.**

Holder of partnership note may waive right to hold one partner for entire amount, and sue him for one-half thereof.

2. **Removal of causes ⬤⟲75—Complaint determines amount in controversy, as affecting removability.**

The amount in controversy, for purposes of removal, in the absence of fraud, must be determined from the complaint.

3. **Removal of causes ⬤⟲107(4)—Sufficiency of pleadings will not be considered on motion to remand.**

On a motion to remand, the court will not inquire either as to the truth of the allegations in the pleadings or the sufficiency of the complaint or bill to state a cause of action.

At Law. Action by H. O. Brown and R. E. Brown, partners doing business as the Brown Bros. Sheep Company, against A. N. House. On motion to remand to state court. Granted.

Asher B. Wilson, J. Paul Thoman, James R. Bothwell, and W. Orr Chapman, all of Twin Falls, Idaho, for plaintiffs.

Turner K. Hackman, of Twin Falls, Idaho, for defendant.

CAVANAH, District Judge. On petition of defendant, based on diversity of citizenship, the state court ordered the cause removed to the federal court. After removal, plaintiffs filed a motion to remand the case on two grounds: That the petition for removal was not presented to the state court, and no order authorizing such removal was made; that this court is without jurisdiction to determine the cause, for the reason that the amount in controversy, exclusive of interest and costs, does not exceed $3,000. The transcript of the proceedings contains an order of removal made by the state court. Defendant asked leave to file an amended petition for removal, which was not contested by the plaintiffs, and alleged therein, in general terms, after setting forth the usual allegations as to diversity of citizenship and jurisdictional amount, that the plaintiffs were not entitled to recover, for the reason that there was no partnership existing between the defendant and one Fred F. Hertz at the time the notes sued upon in plaintiffs' complaint were executed, as it has been held by this court in another action that no such partnership existed, and that the complaint did not state a cause of action. It will be seen that the real question at issue is one of fact, to be determined from the complaint and petition. In determining whether the amount of recovery sought is sufficient to give this court jurisdiction, the court will look to the face of the complaint, and upon the facts as there disclosed decide what the actual demand of recovery is.

The specific amount of the demand, and the amount prayed for, is $2,652.29, and under the facts set forth this is the only amount plaintiffs would be entitled to recover under the prayer. It further appears in the complaint that the defendant and his copartner,

Fred F. Hertz, were, about September 13, 1917, engaged in the business of raising sheep and other live stock, and at that time they became and were indebted to the plaintiffs, as such copartners, in the sum of $11,970, for the purchase price of 600 head of sheep sold and delivered by plaintiffs to the defendant and said Hertz; that, as collateral security for said indebtedness, plaintiffs accepted the promissory notes of said Hertz in the aggregate sum of $11,970, which were thereafter, on March 29, 1918, renewed; that there was paid on said note $6,065.41. The specific demand of the plaintiffs is that the defendant is still indebted to plaintiffs for one-half the balance of said note, or $2,652.29, for which demand has been made by the plaintiffs upon defendant. The general prayer of the complaint confines plaintiffs to this specific demand of recovery. Under this specific demand the theory of the plaintiffs is that they are only seeking in this action to hold the defendant liable for $2,652.29, being one-half of the balance unpaid on the note.

[1, 2] It would seem that the plaintiffs would have the right to waive their right of demand upon the defendant, a copartner of Hertz, for the full amount of the balance of the partnership debt, and sue one of the partners for one-half thereof. This is what the plaintiffs have done in this action. It is urged by defendant that, should this case be remanded back to the state court, the plaintiffs could then amend the prayer of their complaint for the full amount of the balance of the partnership debt. Should such a contingency happen, then the defendant could, after having taken steps in these removal proceedings, proceed again to remove the case to this court, which would then have jurisdiction. It is universally established by the authorities that the question of removability, unless fraud is shown, must be determined by the complaint. The principal question presented here is not on the merits of the case, but is one of jurisdiction only. That was first acquired by the state court, and cannot be taken from it, unless it clearly appears that this court has jurisdiction.

[3] As to the further contention of petitioner that the plaintiffs are not entitled to recover for the reason that the complaint does not state a good cause of action, and that no partnership as alleged therein ever existed between the defendant and the said Hertz at the time the notes in question were executed; decree having been entered that no such partnership existed, it is thought that "the court will not inquire, on a motion to remand a case to the state court, either as to the truth of the allegations in the pleadings, or the sufficiency of the complaint or bill as such, or whether it states a good cause of action. These matters are for the decision of the court which finally tries the case." Hax et al. v. Caspar et al. (C. C.) 31 F. 499; 34 Cyc. 1342.

The cause must be remanded, because there is not the jurisdictional amount involved.