## McNUTT, GOVERNOR OF INDIANA, ET AL. *v.* McHENRY CHEVROLET CO., INC.

No. 710. Argued April 1, 1936.—Decided May 18, 1936.

*Mr. Joseph W. Hutchinson,* Asst. Atty. Gen. of Indiana, and *Mr. Leo M. Gardner,* with whom *Mr. Philip Lutz, Jr.,* Atty. Gen., was on the brief, for appellants.

*Messrs. John Thomas Smith* and *Phillip W. Haberman,* with whom *Messrs. Duane R. Dills, Stanley B. Ecker,* and *Paul Y. Davis* were on the brief, for appellee.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This is a companion case to *McNutt* v. *General Motors Acceptance Corp.*, decided this day, *ante*, p. 178. Respondent, McHenry Chevrolet Co., Inc., is a dealer, selling automobiles at retail for cash or on the installment plan. It brought this suit to restrain the enforcement of Chapter 231 of the Acts of 1935 of the General Assembly of Indiana, providing for the regulation of the business of retail installment sales. Respondent assailed the Act as depriving it of its property without due process of law and denying it the equal protection of the laws contrary to the Fourteenth Amendment. The District Court granted a permanent injunction, and a direct appeal lies.

The allegation of the complaint that the matter in controversy exceeds the sum of $3,000 in value, exclusive of interest and costs, was denied by the answer. In support of the general jurisdictional allegation, respondent refers to the facts, as found by the District Court or not questioned by appellants, that the net worth of its business is in excess of $3,000; that it has on hand cars of the combined value of $16,000; that in the five months expiring May 31, 1935, it sold 481 cars, the aggregate retail prices of which amounted to about $164,000; that a substantial majority of its sales—about 65 per cent. during the first five months of 1935—consisted of installment or time sales; that based upon orders and criteria commonly employed to forecast future sales, it expected to sell approximately 330 cars in June and July of 1935, and 495 cars during the second six months of that year. Respondent also refers to allegations of its complaint that its present and future earnings and the conduct of its business would be rendered uncertain by reason of the risk involved in making future commitments for the purchase of automobiles and the inability to obtain future commitments for the resale of such automobiles and for

those on hand, and for the sale of retail installment contracts covering the automobiles on hand, as well as cars which might be ordered, to the General Motors Acceptance Corporation or any other finance company. These allegations were put in issue.

The District Court made findings with respect to the character and extent of respondent's business but the record contains no finding or evidence showing the amount of the loss, if any, which would be caused by the regulations assailed.

Respondent contends that the burden of proving the lack of jurisdiction rested upon those challenging the jurisdiction. We have considered and overruled the similar contention in our opinion in *McNutt* v. *General Motors Acceptance Corp., supra.* In this aspect we find no substantial difference between the two cases.

The decree of the District Court is reversed and the cause is remanded with directions to dismiss the bill of complaint.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration and decision of this case.