## McMASTER v. TEXAS GULF PRODUCING CO.
### Civil Action No. 650.

District Court, S. D. Texas,
Houston Division.

April 7, 1942.

C. M. Wilchar, Jr., of Houston, Tex., for plaintiff.

Taliaferro, Graves & Hutcheson, of Houston, Tex. (by L. W. Graves, Jr., and Palmer Hutcheson, Jr., both of Houston, Tex.), for defendant.

KENNERLY, District Judge.

This is a suit by plaintiff, alleged to be a resident of this District and Division, against defendant, alleged to be a Delaware corporation, for alleged overtime, damages, and attorney's fees under the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201 to 219. Summons was served November 28, 1941, by delivering to "T. S. Taliaferro, Attorney", at Houston,

Texas, a copy thereof, etc. There is no complaint with respect to the summons nor the manner of its service, but defendant moves to dismiss upon the claim that it is an inhabitant and citizen of the State of Delaware and must be sued in the District whereof it is an inhabitant and not in this District, in which plaintiff is alleged to have his residence.

■ Plaintiff sets forth in his amended complaint, filed February 14, 1942,[1] that jurisdiction lies in this Court by reason of Subdivision 8 of Section 41, 28 U.S.C.A. but uses language indicating that he also relies upon "diversity of citizenship" under Subdivision 1 of Section 41 to support the jurisdiction, and upon Section 112, 28 U.S. C.A., to support venue, in this District. However, there is no allegation that plaintiff is a citizen of Texas, and the suit must, therefore, be regarded as not one which may be brought under Subdivision 1 of Title 41, nor which under Section 112 may be brought in the District of the residence of either plaintiff or defendant. We have, therefore, only the question of whether this suit must under Section 112 be brought, as defendant contends, in the District of which defendant is an inhabitant, or may under the rule stated in Neirbo Co. v. Bethlehem Corporation, 308 U.S. 165, 167, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, be brought in this District, where it is alleged defendant has an agent, appointed in connection with its application for a permit to do business in Texas,[2] and where it is alleged it has been and is doing business.

■ Prior to the decision of the Supreme Court in Neirbo Co. v. Bethlehem Corporation, supra, the cases[3] without doubt supported defendant's contention, but since the decision in that case, I think the rule has been to the contrary. Oklahoma Packing Co. v. Oklahoma Gas Co., 308 U.S. 530, 309 U.S. 4, 6, 60 S.Ct. 215, 84 L.Ed. 537; Beard v. Continental Oil Co., D. C., 42 F.Supp. 310.

■ It follows, therefore, that defendant's motion to dismiss should be denied, but plaintiff, of course, has the burden of proving, and must prove, at the trial that defendant has applied for and been granted a permit to do business in Texas, has been and is, in fact, doing business in Texas, has an agent in this District and Division upon whom process may be and has been served, etc. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; McNutt v. McHenry Chevrolet Co., 298 U.S. 190, 56 S.Ct. 785, 80 L.Ed. 1141.

---

[1] The pertinent allegations in such Amended Complaint are as follows:

"That plaintiff is and has been for a long period of time a resident of Harris County, State of Texas; that the defendant is a non-resident corporation organized under the laws of the State of Delaware and residing therein; that defendant is doing business in the State of Texas and has its principal place of business in said State and has appointed an agent in said State for the service of citation as a part of and in connection with its application to do business in Texas; that defendant's principal place of business is located in the City of Houston, Texas, in the Southern District of Texas, and all of the acts complained of were transacted from said office, the employment and all records pertaining thereto were a part of the business of said office and occurred within the jurisdiction of this court.

"That this cause of action arises out of Section 15 and 16 of the Fair Labor Standards Act of 1938 (Pub. 718-65 [75]th Congress; 52 Stat. 1060) enacted by the Senate and House of Representatives of the United States of America; that the effective date of said act was October 24, 1938; that the jurisdiction of this cause of action lies in this court by reason of Section 41(8), Title 28, U.S. C.A. 24, and by reason of Section 16 of the Fair Labor Standards Act of 1938; that this court is also granted jurisdiction of this cause by virtue of the provisions of Title 28 U.S.C.A. Section 112 providing that this Court shall have original jurisdiction in cases where there is a diversity of citizenship."

[2] Articles 1529 to 1538 and Article 2031a, Vernon's Annotated Texas Civil Statutes.

[3] Defendant stands upon these cases: Macon Grocery Co. v. Atlantic Coast L. R. Co., 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300; Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853; Male v. Atchison, T. & S. F. Ry. Co., 240 U.S. 97, 36 S.Ct. 351, 60 L.Ed. 544; Seaboard Rice Milling Co. v. Chicago, R. I. & P. Ry. Co., 270 U.S. 363, 364, 46 S.Ct. 247, 70 L.Ed. 633; Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768; Southern Pacific Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942; Dissenting Opinion in Neirbo Co. v. Bethlehem Corporation.