## PURE OIL CO. v. PETROLITE CORPORATION, Limited.

### Civil Action No. 1309.

District Court, S. D. Texas,
Houston Division.

Dec. 8, 1944.

Vinson, Elkins, Weems & Francis, of Houston, Tex. (David T. Searls, of Houston, Tex., and Edward H. Lang, of Chicago, Ill., of counsel), for plaintiff.

Baker, Botts, Andrews & Wharton, of Houston, Tex. (Brady Cole, of Houston, Tex., Lyon & Lyon, of Los Angeles, Cal., and Leonard S. Lyon, of Los Angeles, Cal., of counsel), for defendant.

KENNERLY, District Judge.

In this suit, plaintiff alleges that it is a corporation organized under the Laws of Ohio, and *a citizen of Ohio,* with a permit to do business in Texas, and that defendant is a coporation organized under the Laws of Delaware, and *a citizen of Delaware,* with a permit to do business in Texas, and sues defendant in this District and Division, praying a declaratory judgment with respect to certain business dealings between them. Defendant, by motion seasonably filed, questions the jurisdiction of the Court, says the venue here

is improper, and that both the process and the service of process are insufficient.

 1. There is jurisdiction under Subdivision 1 of Section 41, Title 28 U.S.C.A., in that plaintiff, as stated, alleges diversity of citizenship between it and defendant, and that the matter in controversy, exclusive of interest and costs, exceeds $3000.

 2. Jurisdiction being by reason of diversity of citizenship (except insofar as plaintiff's suit may be one under the Federal Anti-Trust Laws [1]), venue is controlled by Section 112, Title 28 U.S.C.A., and is in the District of the residence of either plaintiff or defendant, unless defendant has in some manner waived its right to be sued in one of such Districts. Neirbo Co. v. Bethlehem Shipbuilding Corporation, Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537.

Citing Commercial Casualty Insurance Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252, and holding that Section 112 merely accords to the defendant a personal privilege respecting the venue or place of suit which he may assert or waive at his election, it is said in the Neirbo case [308 U.S. 165, 60 S.Ct. 155, 84 L.Ed. 167, 128 A.L.R. 1437]:

"Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause or by submission through conduct. Commercial Ins. Co. v. Stone Co., supra. Whether such surrender of a personal immunity be conceived negatively as a waiver or positively as a consent to be sued, is merely an expression of literary preference. The essence of the matter is that courts affix to conduct consequences as to place of suit consistent with the policy behind § 51, which is 'to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any district, or wherever found.' General Investment Co. v. Lake Shore Ry. Co., 260 U.S. [261] at page 275, 43 S.Ct. [106], 67 L.Ed. 244."

 Looking to *all* the "conduct" of defendant as alleged in plaintiff's first amended complaint, filed May 22, 1944, and plaintiff's amendment thereto, filed July 15, 1944, both as to a permit to do business in Texas and as to doing business in Texas, including this District and Division, I think the "consequences" to be affixed to the "conduct" of defendant are that venue in this case is in this District and Division.

 3. Venue being thus established, process may run within the "territorial limits" of Texas (Rule 4, Subdivision (f), 28 U.S.C.A., following section 723c, and I think the process served on F. F. Bokern on May 15 and May 24, 1944, is sufficient under Rule 4, Subdivision (d) (3), and that the process served May 26, 1944, on C. C. Rogers is sufficient under such Rule 4, Subdivision (d) (3), in the absence of a showing that Rogers, who is described in the officer's return as "Div. Manager," was not a "managing or general agent" of defendant within the meaning of Rule 4, Subdivision (d) (3).

Let an order be drawn and presented, denying defendant's motion.