KNOBLOCH v. M. W. KELLOGG CO. et al.
Civ. A. No. 1297.

District Court, S. D. Texas,
Houston Division.

Dec. 21, 1944.

744

Allen, Helm & Jones and J. Edwin Smith, all of Houston, Tex., for plaintiff.

Baker, Botts, Andrews & Wharton and W. M. Ryan and Jas. W. Mehaffy, all of Houston, Tex., for defendants.

KENNERLY, District Judge.

From plaintiff's complaint, this appears to be a suit by plaintiff (Paul Knobloch), a resident citizen of the State of Louisiana, against defendants, the M. W. Kellogg Company, a corporation incorporated "under the Laws of some State other than the State of Louisiana," and the employer of plaintiff, and against the Travelers Insurance Company, alleged to be a corporation incorporated under the laws of the State of Connecticut, to recover compensation under the Workmen's Compensation Laws of the State of Louisiana, for an injury alleged to have been received in the State of Louisiana.

This is a hearing on the motion of defendants to dismiss, on the ground that venue, under Section 112, 28 U.S.C.A., is not in this District.[1]

1. While it is true that under plaintiff's allegation of diversity of citizenship and of the sum or value of the matter in controversy, there is jurisdiction here,[2] and while it is true that a cause of action arising under the Louisiana compensation law may be prosecuted here,[3] I am convinced that under the allegations in plaintiff's complaint, the venue is not in this District. Neither the plaintiff nor the defendants are alleged to be inhabitants or residents of this District, and, therefore, under Section 112,[4] the suit is not properly brought in this District.

But plaintiff says that under the rule laid down in the Neirbo case (Neirbo Company v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437), and cases which follow, the venue is here. I do not think so.

Plaintiff, in his complaint, alleges that defendant M. W. Kellogg Company was on or about April 15, 1943, engaged in the "construction business" in Calcasieu Parish, in the State of Louisiana, at which time and place plaintiff was in its employ, and while so employed, was injured. As stated, plaintiff sues for compensation under the Workmen's Compensation Laws of the State of Louisiana, Act La. No. 20 of 1914, as amended.

Plaintiff also says in his complaint: "Each of the defendants operates and does business within the State of Texas, and has an agent for service in Harris County,

[1] In its motion to dismiss, the defendant M. W. Kellogg Company alleges that it is a corporation incorporated under the laws of Delaware, and this seems, and is treated as, undisputed.

[2] Subdivision 1, Section 41, 28 U.S.C.A.

[3] United Dredging Co. v. Lindberg, 5 Cir., 18 F.2d 453.

[4] Section 112, 28 U.S.C.A., is as follows: "Except as provided in sections 113–117 of this title, no person shall be arrested in one district for trial in another in any civil action before a district court; and, except as provided in sections 113–118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Texas where service may be had in this cause."

Nowhere is it alleged how or in what manner the defendants, or either of them, operate or do business in Texas, nor what, if any, connection there was between their operations and business in Texas and their operations in Louisiana, or plaintiff's employment, work, or injury in Louisiana. Nor is it alleged for what purpose defendants have an agent in Texas, how he was appointed, and he is not named. It is nowhere alleged that defendants, or either of them, had or have a permit to do business in Texas.

█ In the Neirbo case, the Bethlehem Shipbuilding Corporation, Ltd., a citizen of Delaware, had raised in the United States District Court for the Southern District of New York, the question of venue under Section 112, 28 U.S.C.A. Citing Commercial Casualty Insurance Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252, and holding that Section 112 merely accords to a defendant a personal privilege respecting the venue or place of suit, which he may assert or waive at his election, it is said in that case by the Supreme Court [308 U.S. 165, 60 S.Ct. 155] (italics mine): "Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, *or by submission through conduct*. Commercial [Casualty] Ins. Co. v. [Consolidated] Stone Co., supra. Whether such surrender of a personal immunity be conceived negatively as a waiver or positively as a consent to be sued is merely an expression of literary preference. The essence of the matter is that courts affix to *conduct* consequences as to place of suit consistent with the policy behind § 51 [28

U.S.C.A. § 112], which is 'to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any district, or wherever found.' General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. [26], 275, 43 S.Ct. [106], 67 L.Ed. 244."

The "conduct" in that case was that the Shipbuilding Corporation, as stated, a citizen of Delaware, had gone into the State of New York and not only secured a permit to do business, but had purchased, or was about to purchase, property in that State, over which purchase or proposed purchase the controversy involved in the suit arose.[5] No similar situation exists here so far as plaintiff's pleadings show.

In Oklahoma Packing Company v. Oklahoma Gas & Electric Company, 10 Cir., 100 F.2d 770; Id., 308 U.S. 530, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537, the Delaware Company which objected to the venue in the District Court not only had a permit to do business in Oklahoma, but owned property and held property rights there, some of which were involved, directly or indirectly, in the litigation. In McMaster v. Texas Gulf Producing Company, in this Court, 44 F.Supp. 672, 673, not only did defendant who raised the question of venue have a permit to do business in Texas, but the controversy, which was the basis of the suit, arose in Texas and in this District. In Andrews et al. v. Joseph Cohen & Sons, Inc., in this Court, 45 F.Supp. 732, the accident which was the basis of the suit occurred in Texas and in this District. In Pure Oil Company v. Petrolite Corporation, Ltd., D.C., 58 F.Supp. 716, the allegations of plaintiff not only showed that defendant had a permit to do business in Texas, but that many of the transactions between the parties which formed the basis

---

[5] I quote from the Opinion of the Circuit Court of Appeals (2 Cir., 103 F.2d 765, 766): "The action was originally brought by the appellants, who are citizens and residents of New Jersey, against United Shipyards, Inc., a New York corporation of which they are stockholders, to restrain the carrying out by the latter of a contract for the sale of drydocks in the waters of New York Harbor and other property to Bethlehem Shipbuilding Corporation, Ltd. The court refused to stay the sale, but added certain other persons as parties on the plaintiffs' motion. Then the plaintiffs filed an amended and supplemental bill alleging the con-

summation of the sale and praying relief in respect thereof. In this bill they asked that the Bethlehem corporation be added, and they described it as 'a corporation organized and existing under the laws of the State of Delaware, and * * * a citizen and resident of the State of Delaware.' The court ordered that Bethlehem be added as a defendant. Upon being served with process, Bethlehem appeared specially and moved to quash the service and the Marshal's return thereof. The appeal is taken from the order granting Bethlehem's motion and dismissing the action as to it."

746

of the suit were in Texas and in this District.

I am unwilling to extend the rule laid down in the Neirbo case and cases which follow to cover cases such as is set forth in plaintiff's complaint. It follows that defendants' motion to dismiss should be granted. Let suitable order be prepared and presented.