## CALCASIEU PAPER CO. v. CARPENTER PAPER CO.

### Civil Action No. 2245.

District Court, N. D. Texas, Dallas Division.

Oct. 18, 1946.

Sam Billingsley, of Fort Worth, Tex., for plaintiff.

G. L. de Lacy, of Kennedy, Holland, de Lacy & Svoboda, of Omaha, Neb., and Thompson, Walker, Smith and Shannon, of Fort Worth, Tex., for defendant.

ATWELL, District Judge.

The plaintiff is a corporation of Louisiana; the defendant, a corporation of Delaware.

The action is on a verified account.

The defendant had filed a notice authorizing service against it in Texas with the Secretary of State. That agent resided at Dallas, and service was had upon him.

Section 51, Judicial Code, Title 28 U.S. C.A. § 112, gives jurisdiction to the United States court of suits between citizens of different states and provides that suit may be brought either in the residence of the plaintiff, or the defendant.

Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed.

167, 128 A.L.R.1437, followed by Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537, put an exception into that statute for such causes as arise in a state where a service agent is appointed.

■ These cases do not seem to justify the conclusion that such a waiver would permit a suit to be brought in the waiver jurisdiction unless the business was transacted within that jurisdiction. Knobloch v. M. W. Kellogg Co., D. C., 58 F.Supp. 743, affirmed in 5 Cir., 154 F.2d 45.

There does not seem to be any serious dispute between counsel with reference to these positions. The dispute arises as to whether the transactions which support the suit were completed within Louisiana, or within Texas where the waiver operated.

With reference. to this important question, the record at the time of passing upon this motion, which furnishes the information to the court, is sufficiently illuminating to show that the orders originated in Texas and that the goods were shipped into Texas. The contention made by the defendant is that since the goods were turned over to the carrier with all steps taken ·which would insure their delivery without further contingency to the defendant's places of business in Texas, that the transaction took place in Louisiana, and not in Texas.

■ A number of state decisions based upon Sec. 23 of Article 1995, Revised Statutes of Texas, Vernon's Ann.Civ.St. art. 1995, § 23, which relates to venue, and which has been analyzed in Miller v. Goodman, 91 Tex. 41, 40 S.W. 718, as well as in Guinn v. Texas Drug Co., Tex.Civ.App., 219 S.W. 507, and Linde Air Products v. Page, Tex.Civ.App., 131 S.W.2d 1057, must be limited to the Texas venue statute, and while they may be helpful to a national court, they cannot be considered as authoritative when that court is construing an Act of the Congress which has already received construction at the hands of the Supreme Court.

■ Therefore, I think the safer way to rule this motion is to overrule it at the present time and await the discovery of the testimony as to whether the suit between the plaintiff and the defendant grows out of business transacted in Texas.

It is so ordered.